UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------x
VINCENZO MONTANTE

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
---------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:19-cv-5313-FB

*Appearances:*
*For the Plaintiff*:
DANIEL ADAM OSBORN
Osborn Law, P.C.
43 West 43rd St.
Ste 131
New York, NY 10036

*For the Defendant*:
JACQUELINE M. KASULIS
Acting United States Attorney
Eastern District of New York
By: CANDACE SCOTT APPLETON
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

     Vincenzo Montante seeks review of the Commissioner of Social Security's decision to deny his application for disability benefits. Both parties move for judgment on the pleadings.[1] For the following reasons, Montante's motion is

---

[1] Montante moves for relief under 42 U.S.C. § 405(g), which authorizes the Court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

1

granted, the Commissioner's denied, and this case remanded for further proceedings.

**I.**

Montante applied for disability benefits on August 28, 2015, claiming a disability onset date of August 18, 2014. The Commissioner denied Montante's application on March 4, 2016, and Montante requested a hearing. Two years later, Administrative Law Judge David Suna ("the ALJ") held a hearing on Montante's claim.

After the hearing, the ALJ determined that Montante suffered from several "severe impairments," including "right knee medial and lateral meniscus tears post anterior cruciate ligament (ACL) reconstruction with partial meniscectomy, [complications arising from] left knee status post cruciate ligament tear and lateral meniscal repair, bilateral knee arthritis, lumbar spine disorder, obesity, sensorineural hearing loss in [the] left ear, sleep apnea, depressive disorder and anxiety disorder." A.R. 31.

The ALJ found that Montante's impairments did not prevent him from performing sedentary work, provided he "operat[es] foot controls," "climb[s] ramps and stairs," "balance[es] and stoop[s]," and is "expos[ed] to operating a motor vehicle [*sic.*]" or "coworkers and the general public" no more than "occasionally." A.R. 33-34. The ALJ further found that Montante should never

"climb[] ropes or scaffolds" or be exposed "to unprotected heights or moving mechanical parts" and must avoid "loud noise." *Id.* Finally, the ALJ determined that Montante was "limited to jobs that are not at a production rate pace (e.g. assembly line work)," could tolerate no more than "occasional changes in the work setting," would be "off-task 5% of the time," and "needs the use of a hand[-]held assistive device [i.e. a cane] for uneven terrain or prolonged ambulation." *Id.*

The ALJ concluded that Montante could work as an addresser, document preparer or laminator and was therefore not disabled. The Appeals Council declined review, and this appeal followed.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

## III.

Under the treating physician rule, the opinion of a treating physician must be "given more weight than other reports and . . . will be controlling if it is 'well-supported by medically acceptable [evidence] and is not inconsistent with the other

3

substantial evidence in [the] record.'" *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999). The ALJ violated the treating physician rule by giving "little weight" to the opinion of Montante's treating psychiatrist, Dr. Roberto De Paula.

Dr. De Paula has treated Montante with a mix of "individual psychotherapy and medication" since December 2015. A.R. 466. In a narrative report, he opined that Montante suffers from "acute depression and anxiety symptoms," including "depressed mood, anhedonia, insomnia, fatigue, helplessness, hopelessness, anxiety, irritability, anger and disappointment." A.R. 465. He concluded "based on [Montante's] history of current treatment and the intensity of his psychiatric condition," that "Montante is a candidate for lengthy treatment" and "needs to be treated with utilization of all applicable modalities from armamentarium of psychiatry." A.R. 468. He also noted that Montante's symptoms "have progressively worsened in the last 6 months." A.R. 467.

Dr. De Paula supports his opinion with more than 100 pages of treatment notes which show that Montante suffered—and continues to suffer—from "depressed and anxious mood," "constricted affect" and "distractibility." *See* A.R. 465-569. *See also* ECF No. 15 at 16 (collecting medical evidence of depression, constricted affect and distractibility). This is exactly the sort of "medically acceptable" psychiatric evidence that should have led the ALJ to give controlling weight to Dr. De Paula's findings. *See Smith v. Comm'r of Soc. Sec.*, No. 1:19-CV-

4

2861(FB), 2020 WL 6136205, at *3 (E.D.N.Y. Oct. 19, 2020) (noting that a provider's longitudinal evaluation of a patient assumes "heightened importance in cases involving psychiatric diagnoses") (citing *Estrella v. Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019)).

The ALJ offers three unconvincing reasons for his non-fealty to the treating physician rule. First, he describes Dr. De Paula's opinion as "conclusory." A.R. 37. This statement is false. A detailed report supported by more than 100 pages of evidence is not "conclusory." And even if the report were conclusory, the ALJ should not have rejected it without seeking additional information from Dr. De Paula. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999).

Second, the ALJ asserts that Dr. De Paula's report is inconsistent with his treatment notes. Again, this claim has no basis in fact since many of the treatment notes support Dr. De Paula's diagnoses. *See* ECF No. 15 at 16 (collecting record citations). But even if the notes did not support Dr. De Paula's opinion, "an ALJ may not reject a treating physician's disability opinion based solely on internal conflicts in that physician's clinical findings." *Pena v. Comm'r of Soc. Sec.*, No. 08-CV-3304(NGG)(JO), 2010 WL 4340449, at *4 (E.D.N.Y. Oct. 22, 2010) (quoting *Carvey v. Astrue*, 380 F. App'x 50, 52 (2d Cir. 2010)); *see also Martin v. Colvin*, No. 13-CV-2827 (VSB)(RLE), 2014 WL 4467709, at *14 (S.D.N.Y. Sept. 10, 2014) (rejecting the argument that treating physicians' opinions "should not be

given any weight because they are unsupported by [the physician's] medical notes").

Finally, the ALJ believed that the absence of a "history of emergency psychiatric treatment or hospitalizations" justified a departure from Dr. De Paula's opinion. A.R. 37. It does not. "The Second Circuit has repeatedly recognized that a claimant need not be an invalid to be found disabled." *Colon v. Astrue*, No. 10-CV-3779 (KAM), 2011 WL 3511060, at *14 (E.D.N.Y. Aug. 10, 2011) (quoting *Williams v. Bowen*, 859 F.2d 255, 260 (2d Cir. 1988)). Similarly, a claimant may be under a psychiatric disability even if he is not confined to a psychiatric ward.

In light of the foregoing, the ALJ erred by failing to give Dr. De Paula's opinion controlling weight.

### III.

Because the ALJ improperly disregarded Dr. De Paula's opinion, his assessment of Montante's residual functional capacity is not supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 135 (2d Cir. 2000) (explaining that "deficiencies in the ALJ's analysis [of a treating physician's opinion]" required a finding "that the record lacked sufficient evidence that [a claimant] was not disabled"). Nonetheless, Dr. De Paula's failure to provide a "function-by-function" account of Montante's limitations creates "uncertainty" regarding the severity of Montante's conditions and their impact on his ability to

6

work.[2] *Cf. id.*; A.R. 37. Consequently, this case must be remanded to allow the ALJ to decide whether proper weighing of Dr. De Paula's opinion alters his assessment of Montante's "non-exertional limitations," such that a finding of disability would be warranted. *Cf. Chater*, 221 F.3d at 135 (a remand for calculation of benefits is appropriate where the record contains "overwhelming proof" of "severe impairment"). *See generally* 20 C.F.R. § 416.1569a (requiring consideration of non-exertional limitations).

## CONCLUSION

Montante's motion for judgment on the pleadings is **GRANTED** and the Commissioner's **DENIED**. This case is **REMANDED** for further proceedings consistent with this Order.

**SO ORDERED.**

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 6, 2021

---

[2] Because the ultimate issue of whether a claimant is disabled is reserved to the Commissioner, the Court disregards Dr. De Paula's opinion that Montante "is not able to work in any occupation at this time." A.R. 465. *See Snell*, 177 F.3d at 133.

7